UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SAINT JOSEPH DIVISION

| | |
|---|---|
| JACOB INGERSOLL, RICHARD A. TRUITT, and JOSHUA TIEDEMANN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs and Proposed Collective and Class Action Representatives,<br><br>-v-<br><br>FARMLAND FOODS, INC.<br><br>Defendant. | Civil No. _____<br><br>**COMPLAINT**<br><br>**IN COLLECTIVE AND CLASS ACTION**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiffs Jacob Ingersoll, Richard A. Truitt, and Joshua Tiedemann, on behalf of themselves and others similarly situated, by and through their attorneys, state and allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs and proposed collective action and class action representatives Jacob Ingersoll, Richard A. Truitt, and Joshua Tiedemann (hereinafter referred to as "Named Plaintiffs") are current production and support workers employed by Defendant Farmland Foods, Inc., (hereinafter referred to as "Defendant" or "Farmland") at its pork processing plant located in Milan, Missouri, Sullivan County. Named Plaintiffs seek relief on a collective and a class-wide basis relating to Farmland's practice and policy of not fully compensating employees for all the time they spend working at Farmland's pork processing plant. In particular, Named Plaintiffs spend time donning, doffing, and sanitizing gear and equipment, and walking to and from the production floor. These activities are necessary and indispensable to Named Plaintiffs' principal work but are not fully compensated by Farmland.

2. Named Plaintiffs bring this action on behalf of themselves and all persons who were, are or will be employed as hourly production and support employees at the pork processing plant in Milan, Missouri, currently owned or operated by Farmland, at any time within the three

years prior to the filing of this Complaint through the date of the final disposition of this action (the "FLSA Period"), and who have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA"). This group expressly includes temporary or contract employees. This group is hereinafter referred to as the "FLSA Class."

3. Named Plaintiffs also bring this action on behalf of themselves and all persons who were, are or will be employed as hourly production and support employees at the pork processing plant in Milan, Missouri, currently owned or operated by Farmland, for the maximum period of time as may be permitted by Missouri state law (the "Missouri Class Period"), and who have not received full compensation for all hours worked under Missouri law. This group is hereinafter referred to as the "Missouri Class."

4. Named Plaintiffs have provided their written consent to participate in this litigation as required by 29 U.S.C. § 216(b), copies of which are attached hereto as Exhibit A and are being filed with the Court in accordance with section 216(b).

5. In addition to Named Plaintiffs, former, current, and future persons employed at the Milan plant in similar employment positions, which are not exempt from the minimum wage and overtime requirements of the FLSA, are entitled to collectively participate in this action by choosing to "opt in" and submit a written consent to join form. The federal cause of action is brought as a collective action under and pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b). After the commencement of this action and in accordance with the Local Rules of the Western District of Missouri, Named Plaintiffs shall file, pursuant to 29 U.S.C. § 216(b), a motion for certification of their FLSA claims as a collective action, to obtain discovery of potential class members necessary for notice, and for authorization to issue notice to the FLSA Class.

## PARTIES

6. Named Plaintiffs and all putative collective and class action members are nonexempt production and support workers who worked at the Milan plant within 3 years of the filing of this Complaint.

7. Named Plaintiff Jacob Ingersoll is a current production employee who is employed by Farmland at the Milan, Missouri processing plant.

8. Named Plaintiff Richard A. Truitt is a current maintenance employee who is employed by Farmland at the Milan, Missouri processing plant

9. Named Plaintiff Joshua Tiedemann is a current maintenance employee who is employed by Farmland at the Milan, Missouri processing plant.

10. Upon information and belief, Farmland is a registered Missouri corporation, incorporated in the State of Delaware, and headquartered in Kansas City, Missouri, and/or Smithfield, Virginia. Farmland was founded in 1959 and acquired by Smithfield Foods, Inc. ("Smithfield") in or around 2003. Farmland has significant operations throughout the United States, including but not limited to a pork processing plant in Milan, Missouri ("Milan plant"). Farmland is a pork processor which supplies wholesale and retail customers with processed pork products.

11. Farmland regularly engages in interstate commerce and is an "employer" and "enterprise" within the meaning of the FLSA.

12. Upon information and belief, Smithfield is a registered Missouri corporation, incorporated in the State of Virginia, and headquartered in Smithfield, Virginia. Smithfield acquired Farmland in or around 2003. Smithfield acquired the Milan plant in or around May 2007 as part of its acquisition of Premium Standard Farms, Inc. ("PSF, Inc."). Sometime

thereafter, Smithfield transferred the ownership or operation of the Milan plant to its subsidiary, Farmland.

13. Smithfield regularly engages in interstate commerce and is an "employer" and "enterprise" within the meaning of the FLSA.

14. Upon information and belief, Premium Standard Farms, LLC, ("PSF, LLC") is a registered Missouri corporation, incorporated in the State of Delaware, and headquartered in Princeton, Missouri. PSF, LLC is the corporate successor to PSF, Inc., the entity that formerly owned or operated the Milan plant until approximately May 2007 when it was acquired by Smithfield.

15. PSF, LLC regularly engages in interstate commerce and is an "employer" and "enterprise" within the meaning of the FLSA.

16. Upon information and belief, upon acquiring the Milan plant from PSF, Inc., Smithfield and Farmland maintained continued the business and processing operations previously employed by PSF, Inc. and maintained substantial employee, supervisory and managerial continuity and retention. Accordingly, upon further information and belief, Smithfield and Farmland are bona fide successor-in-interests to PSF, Inc.'s pork operations.

17. Farmland is responsible for the liabilities of its predecessors for all the claims asserted herein.

## JURISDICTION AND VENUE

18. Jurisdiction over Named Plaintiffs' federal claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

19. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

20. In addition, jurisdiction over Named Plaintiffs' claims under Missouri law is based upon this Court's power to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367.

21. The Western District of Missouri has personal jurisdiction over Defendant because, during relevant time frames: (a) Defendant does or did business in Missouri, and in the Western District, (b) Defendant operates or operated a processing plant in Missouri, and in the Western District, (c) Defendant employs or employed hundreds of workers in Missouri, and in the Western District, and (d) many of the acts complained of and giving rise to the claims alleged herein occurred or are occurring in Missouri and in the Western District. Defendant has purposefully availed itself of the privileges of conducting activities within the State of Missouri, thus invoking the benefits and protections of its laws.

22. Venue is proper because Defendant resides or resided in this District, a substantial part of the events or omissions giving rise to the claims alleged herein occur or occurred in this District, and/or Defendant's contacts within this District are sufficient to subject it to personal jurisdiction in this District. 28 U.S.C. § 1391(b), (c).

## FACTUAL ALLEGATIONS

23. Upon information and belief, Defendant owns and operates a pork processing plant in Milan, Missouri.

24. Upon information and belief, production and support employees at Defendant's processing plant are or were nonexempt hourly employees, and the work performed by these employees is and was nonexempt work.

25. Defendant has not compensated the nonexempt production and support employees at the Milan plant for all hours worked as required by federal and state law.

5

A. Defendant has not paid the hourly production and support employees at the Milan plant full overtime compensation for the hours worked as required by the FLSA and applicable state law.

B. Defendant has refused to fully compensate the hourly production and support employees who work or worked at the Milan plant for the time spent at the beginning of shifts donning and doffing and sanitizing themselves and required gear and equipment, including but not limited to, boots, hair nets, ear plugs, smocks, safety glasses, liners, gloves, bump caps, and hard hats, and at the end of shifts for removing and cleaning these same items.

C. Similarly, Defendant has not compensated hourly production and support employees who work or worked at the Milan plant for time spent donning and doffing before and after their unpaid breaks.

D. Additionally, Defendant has not compensated hourly production and support employees who work or worked at the Milan plant for time spent walking to and from changing areas and the production floor.

E. Defendant's failure to pay these employees overtime pay for walking time and time spent donning, doffing and sanitizing at the Milan plant violates the FLSA and Missouri wage and hour laws.

26. Defendant has not exercised good faith in willfully failing to fully compensate the employees at the Milan plant under the FLSA. Defendant consciously excluded from "hours worked" all the time that hourly production and support employees spend donning, doffing, sanitizing, and walking to and from the production areas and workstations at the Milan plant.

27. At the same time, and for further proof of their failure to exercise good faith, the meat processing industry as a whole has continuously been found to violate federal and state

wage and hour laws. Despite repeated admonitions by the United States Department of Labor that the industry-wide practice of not compensating workers for time spent donning, doffing, and sanitizing at meat processing plants violates federal and state law, Defendant adhered to its unlawful practices. Upon information and belief, Defendant continues to adhere to its unlawful practices to date.

28. Defendant's practices violate, among other things, the FLSA and the Missouri laws pled herein. Named Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered or permitted by Defendant, liquidated or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

29. Named Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the FLSA Class.

30. Named Plaintiffs and members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, are or have been subject to Defendant's common practice, policy, or plan of unlawfully failing to pay for and record all hours worked, including its failure to pay overtime rates.

31. The names and addresses of the members of the FLSA Class are available from Defendant's records. Notice of this class action lawsuit should be provided as soon as possible to the FLSA Class via first class mail, legal notice, notice via payroll insert, plant posting, and any other such appropriate methods in order to provide the best notice practicable.

## MISSOURI CLASS ACTION ALLEGATIONS

32. Named Plaintiffs bring their second cause of action for violation of Missouri's statutes as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

33. Members of the putative class are so numerous that joinder of all such members is impracticable. The exact size of the putative class is unknown, but may be determined from records maintained by Defendant. It is believed and alleged that the number of persons currently employed at the Milan, Missouri plant collectively is approximately 1,500 persons. Former employees and temporary and contractor workers are also included as class members.

34. There are common questions of law and fact applicable to the putative class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, common questions of fact and law include but are not limited to the compensability of time spent donning and doffing; whether injunctive relief is available to force Defendant into compliance; whether Defendant has acted willfully or in good faith; whether Named Plaintiffs and members of the Missouri Class are entitled to liquidated damages, penalties, attorneys' fees, and costs; and whether Defendant has complied with record-keeping obligations under state and federal law.

35. Named Plaintiffs' claims are typical of the Missouri Class. Named Plaintiffs, like the other Missouri Class members, are and were subjected to Defendant's common practice and policy of not fully paying hourly production and support employees for all compensable work to which they are and were entitled under Missouri law.

36. Named Plaintiffs will fairly and adequately protect the interests of the putative class. Named Plaintiffs have no conflicts with the putative class members. Counsel for Named Plaintiffs possess the requisite resources and is experienced in class action litigation.

37. Defendant has acted or refused to act on grounds generally applicable to the Missouri Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Missouri Class as a whole. Named Plaintiffs and the Missouri Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to

8

properly compensate and record all hours worked by Named Plaintiffs and the putative Class. Fed. R. Civ. P. 23(b)(2).

38. Questions of law and fact common to the putative class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). More specifically, members of the proposed Missouri Class have little or no interest in individually controlling the prosecution of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Named Plaintiffs are not aware of any other litigation concerning the controversy already commenced by the proposed State Class. Fed. R. Civ. P. 23(b)(3)(B). It is desirable to concentrate the litigation of the claims in this Court because Defendant does a substantial amount of business in this District. Fed. R. Civ. P. 23(b)(3)(C).

39. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. Fed. R. Civ. P. 23(b)(3)(D).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

40. Named Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

41. The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers and enterprises whose employees are or were engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Defendant is, and was, subject to the pay requirements of the FLSA, because it is, and was, an enterprise engaged in commerce and its employees are or were engaged in commerce.

42.     FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time.  Hours worked includes time spent preparing for and concluding shifts, *i.e.*, donning and doffing and sanitizing required equipment, as well as donning and doffing and sanitizing equipment before, after, and during meals and other breaks.  These types of activities are integral and indispensable parts of Defendant's employees' and FLSA Class members' jobs.

43.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than 40 hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in excess of 40 hours.  Defendant has at all times been subject to this requirement to pay hourly production and support employees one and one-half times its employees' regular rate of pay for all hours worked in a workweek in excess of 40 hours.  Defendant's employees, including Named Plaintiffs, regularly work or worked more than 40 hours per week.  Defendant has violated the FLSA by requiring hourly production and support employees to perform compensable work in excess of 40 hours without proper compensation.

44.     By failing to keep, record, report or preserve records of hours worked by Named Plaintiffs and members of the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 201 et seq.

45.     Members of the FLSA Class are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this Complaint, plus periods of statutory or equitable tolling.  Defendant's failure to pay overtime to members of the FLSA Class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendant did not act in good

faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime compensation, the FLSA Class is entitled to an award of prejudgment interest at the applicable legal rate.

46. In addition, in calculating damages owed, Farmland is not permitted to improperly deduct any amounts from the employee wages, including uniform and personal protective equipment deductions, which are prohibited under the FLSA.

47. Named Plaintiffs also seek reasonable attorneys' fees and costs, to be paid by Defendant, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48. The above-described violations are ongoing at the Milan plant.

## SECOND CAUSE OF ACTION
## VIOLATION OF MISSOURI MINIMUM WAGE LAW:
## UNDERPAYMENT OF OVERTIME

49. Named Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

50. Throughout the relevant time period, Defendant was subject to the requirements of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500 to .530.

51. Defendant is and was an employer within the meaning of Mo. Rev. Stat. §§ 290.500(4).

52. Defendant is and was required to pay overtime pay in accordance with Mo. Rev. Stat. §§ 290.505, which provides in pertinent part:

> **Overtime compensation […]** No employer shall employ any of his employees for a workweek longer than forty hours unless such employee

> receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

53. Named Plaintiffs, opt-ins, and members the Missouri Class are employees within the meaning of Mo. Rev. Stat. §§ 290.500(3), and are entitled to the protections of the MMWL and its overtime provision.

54. When walking, donning and doffing time, and sanitation time is included as compensable work during a regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work Named Plaintiffs, opt-ins, and each member of the Missouri Class Member engaged in during their workweeks. As such, the uncompensated walking, donning and doffing time, and sanitation time should have been compensated at an overtime rate of pay under Section 290.505.

55. By failing to keep, record, report or preserve records of hours worked by Named Plaintiffs, opt-ins, and members of the Missouri Class, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their employees' wages, hours, and other conditions and practices of employment, in violation of Mo. Rev. Stat. § 290.520.

56. In addition, the MMWL and Mo. Rev. Stat. § 290.527, require Defendant to pay employees all wages due within the time specified by law. Section 290.527 provides that if an employer fails to pay such wages, the employer is liable to the employee for the full amount of wages, plus an additional amount as liquidated damages.

57. Named Plaintiffs, opt-ins, and members the Missouri Class are employees within the meaning of Mo. Rev. Stat. §§ 290.500(3), and are entitled to the protections of the MMWL and Mo. Rev. Stat. § 290.527.

58. Defendant has willfully violated the above provisions of the MMWL by excluding these hours worked and not paying one and one-half times the rate of hourly pay for compensable work in excess of 40 hours.

59. Defendant is liable to Named Plaintiffs, opt-ins, and the Missouri Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Mo. Rev. Stat. § 290.527.

60. The above-described violations are ongoing at the Milan plant.

## DEMAND FOR JURY

61. Named Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

**WHEREFORE,** Named Plaintiffs Jacob Ingersoll, Richard A. Truitt, and Joshua Tiedemann, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consents to Sue;

2. Designation of Named Plaintiffs as Representatives of the FLSA Class;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

5. Costs of the action incurred herein, including expert fees;

6. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

7. Pre- and post-judgment interest, as provided by law; and

8. For any other and further relief the Court may deem just or equitable.

**WHEREFORE,** Named Plaintiffs Jacob Ingersoll, Richard A. Truitt, and Joshua Tiedemann, on behalf of themselves, opt-ins, and all members of the Missouri Class, pray for relief as follows:

9. Certification of this action as a class action on behalf of the proposed Missouri Class pursuant to Fed. R. Civ. P. 23;

10. Designation of Named Plaintiffs as Representatives of the Missouri Class;

11. A declaratory judgment that the practices complained of herein are unlawful under Missouri law;

12. Appropriate equitable and injunctive relief to remedy Defendant's violations of Missouri law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

13. Appropriate statutory penalties;

14. An award of damages and restitution, including civil penalties, meal and rest break violation payments; recordkeeping penalties, and overtime wages to be paid by Defendant according to proof;

15. Costs of the action incurred herein, including expert fees;

16. Attorneys' fees and costs of suit, including expert fees;

17. Pre and post-judgment interest, as provided by law; and

18. For any other and further relief the Court may deem just or equitable.

Dated: April 29, 2010                                Respectfully Submitted,

                  **BUTSCH SIMERI FIELDS LLC**


                  By: s/ James J. Simeri
                  James J. Simeri (MO#52506)
                  Matthew R. Fields (MO#50561)
                  David T. Butsch (MO#37539)
                   *Pro hac vice admission pending*
                  231 South Bemiston Avenue, Suite 260
                  Clayton, MO 63105
                  Telephone: (314) 863-5700
                  Facsimile: (314) 862-1606

                  **LARSON ● KING, LLP**
                  T. Joseph Snodgrass (MN#231071)
                   *Pro hac vice admission pending*
                  Kelly Swanson (MN#330838)
                   *Pro hac vice admission pending*
                  Troy Tatting (MN#354156)
                   *Pro hac vice admission pending*
                  2800 Wells Fargo Place
                  30 E. Seventh Street
                  St. Paul, MN  55101
                  Telephone: (651) 312-6510

                  **THE FARWELL LAW FIRM, LLC**
                  Andrew Farwell (MO#52004)
                   *Pro hac vice admission pending*
                  516 N. Baltimore, Suite A1
                  Kirksville, MO 63501
                  Telephone: (660) 665-2115
                  Facsimile: (660) 665-6670

                  *ATTORNEYS FOR PLAINTIFFS AND PROPOSED COLLECTIVE AND CLASS ACTION REPRESENTATIVES*

1278844

## CONSENT TO BECOME A PARTY PLAINTIFF

## Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Jacob Ingersoll
**Name**

1500 North Walnut Street, #47
**Address**

Kirksville      MO      63501
**City**      **State**      **Zip**

(660)988-7822
**Phone**

*[signature]*
**Signature**

# CONSENT TO BECOME A PARTY PLAINTIFF

# Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Richard Adam Truitt
Name

48262 Timber Road
Address

Milan     MO     63556
City     State     Zip

(660)342-5212
Phone

*[signature]*
Signature

# CONSENT TO BECOME A PARTY PLAINTIFF

## Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff in the foregoing action.

Joshua Tiedemann
_____
Name

404 East Clark
_____
Address

LaPlata, MO                              63549
_____
City                State            Zip

(660)349-8153
_____
Phone

*[signature]*
_____
Signature