# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST JOSEPH DIVISION

| | |
|---|---|
| Jacob Ingersoll, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | |
| ) | No. 10-6046-CV-SJ-FJG |
| Farmland Foods, Inc., ) | |
|     Defendant. ) | |

## ORDER

Before the Court is plaintiff's letter requesting a discovery dispute teleconference, submitted on July 27, 2010. Plaintiffs believe they need specific information from defendant regarding electronically stored information (ESI) in order to intelligently draft a proposed discovery plan and scheduling order. Defendant indicates in its response letter dated August 3, 2010, its belief that plaintiffs are seeking information that would more properly be the subject of discovery requests, not information that should be provided prior to the start of the discovery process. Defendant also indicates that plaintiffs have been less-than-forthcoming during their Rule 26(f) teleconference regarding the nature and bases of their claims. In their reply letter dated August 4, 2010, plaintiffs indicate that the basic information should be provided so that the Court and the parties can be aware of the time and cost that might be involved in any ESI productions.

After reviewing the parties' submissions, the Court finds that the parties' time and effort at this stage would be better spent at attempting to confer again and reach some consensus as to appropriate deadlines for a proposed scheduling and trial order. Therefore, the Court **ORDERS** the parties to undertake their best efforts to confer in a collegial fashion and to provide their proposed scheduling and trial order on or before **AUGUST 11, 2010.** To the extent that the parties have disagreements regarding ESI, the scope of discovery, etc., the parties are directed to provide their respective positions/disagreements within the proposed scheduling and trial order, and the Court will

rule on those issues when it crafts the Scheduling and Trial Order to be used in this matter.

For the information of the parties, to the extent there are further disputes, the Court notes that just because a party wants ESI does not mean that the party is entitled to it. There are other factors at play. The Court's approach when parties cannot agree is to:

(1) Sort through material that is easily accessible; then

(2) Determine whether it is necessary to search for less accessible material, sampling same to help refine the search parameters and determine the benefits and burdens associated with a fuller search;

(3) Compare the specificity of the results in relationship to the cause of action;

(4) Determine whether the information is available from other and more accessible sources; and

(5) Consider the relative resources of the parties.

The parties should outline their objections in ways that will allow the Court to assess the above-referenced criteria.

**IT IS SO ORDERED.**

Dated: 8/5/2010  
Kansas City, Missouri

**/S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge