IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| Jacob Ingersoll, et al., on behalf of themselves and others similarly situated,<br>       Plaintiffs,<br><br>v.<br><br>Farmland Foods, Inc.<br>       Defendant. | No. 10-6046-CV-SJ-FJG |

## ORDER

Pending before the Court is Defendant's Motion to Accept the Stipulation of Dismissal of the Claims of Plaintiff Richard Truitt (Doc. No. 168).

**I.  Background**

Richard Truitt is one of five named plaintiffs in this suit against Farmland Foods, Inc. on two claims: (1) a Fair Labor Standards Act ("FLSA") claim and (2) a Missouri Minimum Wage Law ("MMWL") claim.  On February 4, 2011, plaintiffs' counsel moved to withdraw as attorney for Mr. Truitt, as he was no longer responding to phone calls or written letters.  On February 10, 2011, the Court issued an order to Mr. Truitt, giving him until March 2, 2011, to show cause why counsel should not be allowed to withdraw.  Mr. Truitt failed to respond, and on March 28, 2011, the Court granted counsel's motion to withdraw and declared that Mr. Truitt was no longer represented by counsel, but would be expected to proceed pro se.  Doc. No. 96, p.36.

Nearly a year passed with no apparent action on Mr. Truitt's claim being taken by any party.  Thereafter, following motion practice, the Court certified a Rule 23 class action on the MMWL claim[1] on February 9, 2012, and plaintiffs' counsel were appointed class counsel.

---

[1] Plaintiffs did not move for conditional certification as to the FLSA claim.

Doc. No. 140. The deadline for opting out of the class was May 19, 2012. <u>See</u> Doc. No. 155. To-date, Mr. Truitt has not submitted an opt-out form to class counsel.

Defense counsel indicate that they raised the issue of Mr. Truitt's status in the case during a teleconference with class counsel on April 17, 2012, and assert that Joe Snodgrass (one of class counsel) stated that class counsel do not represent Mr. Truitt and would take no part in any effort to determine whether Mr. Truitt was going to continue in the case; defense counsel states that class counsel did not limit his statements as to representation only to the FLSA claims, but "unequivocally" stated that they did not represent Truitt. <u>See</u> Doc. No. 169, p. 3, and Doc. No. 169, Ex. F. In plaintiffs' suggestions in opposition, class counsel paint a different picture, indicating that in the April 17, 2012 teleconference, class counsel "advised Farmland that they no longer represented Mr. Truitt for his federal claims." <u>See</u> Doc. No. 172, p. 4. Class counsel state that at no time did they discuss Mr. Truitt's status as a Rule 23 class member with defense counsel, nor did defense counsel advise that they intended to communicate directly with Mr. Truitt.

Defendant made initial contact with Mr. Truitt by letter dated April 17, 2012, which instructed Truitt to have his new counsel contact Defendant if he was represented, or to contact Defendant directly if he intended to proceed <u>pro se</u>. <u>See</u> Doc. No. 169, Ex. 2. After receiving no reply, Defendant sent a second letter to Mr. Truitt dated May 9, 2012. Doc. No. 169, Ex. 3. According to Defendant, Mr. Truitt phoned Defendant on May 16, 2012, to state that he was not represented by counsel in connection to the case and no longer wished to pursue his claims. Doc. No. 169, p. 4. On May 29, 2012, Defendant mailed the "Stipulation of Dismissal with Prejudice of All Claims of Plaintiff Richard A. Truitt" to Mr. Truitt, which Mr.

2

Truitt signed and defense counsel received on June 25, 2012. Doc. No. 169, Ex. 1.[2]

On May 30, 2012, Farmland's counsel provided plaintiff's counsel with its draft of the June 4, 2012 Status Report, and in its initial draft, Farmland's counsel summarized their communications with Mr. Truitt. Plaintiffs' counsel then immediately called defense counsel and demanded that Farmland's counsel have no further contact with Mr. Truitt. The parties chose not to notify the Court of their conflict in the June status report.

In the parties' status report dated July 5, 2012, they first informed the Court about the issue regarding defense counsel's contact with Mr. Truitt. Plaintiffs' counsel asserted that defense counsel's contact with Mr. Truitt after class certification was prohibited by the law and violated the rules of ethics, and that plaintiffs' counsel would not agree to the "voluntary" dismissal of any class member's Rule 23 claims. Defense counsel indicate that, as Mr. Truitt has been proceeding pro se since March 28, 2011, it has been appropriate at all times for defense counsel to communicate with Mr. Truitt as with any other pro se adverse party. See Doc. No. 158. After receiving this status report, the Court found that the issue would be better addressed via motion practice, and directed the parties to file whatever motions they believed to be appropriate. Order dated July 12, 2012, Doc. No. 159.

Currently pending before the Court is defendant's Motion to Accept the Stipulation of Dismissal of the Claims of Plaintiff Richard Truitt (Doc. No. 168). Plaintiffs oppose, indicating that soliciting the dismissal of a class member's claims is procedurally and ethically improper.

---

[2] Mr. Truitt later sent a second signed Stipulation of Dismissal which Defendant received on September 14, 2012 (Doc. No. 177), which was identical to the first. This second stipulation of dismissal signed by Mr. Truitt appears to have been prompted by the briefing on the instant motion; as Truitt is pro se, the parties have been serving him copies of all motions and other documents in this matter.

3

Doc. No. 172.

## II. Discussion

Defendant argues that the fully executed stipulation of dismissal in this matter should be accepted automatically pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). However, since plaintiffs have objected, defendant files this motion. Defendant notes that Fed. R. Civ. P. 23(e) does not apply to claims of individuals, as the rule only makes court approval necessary for voluntary dismissal of "the claims, issues, or defenses of a certified class," and further provides that a hearing is required if "the proposal would bind class members." Here the voluntary dismissal is as to only one plaintiff, and binds no class members and does not prejudice the class. Defendant further argues that the communications between Mr. Truitt and defense counsel were appropriate and permissible because Truitt is a pro se party (according to the court's order granting the motion to withdraw as counsel), and as a named plaintiff and adverse party, defendants should not be prohibited from discussing the case with him. Finally, defendant argues that class counsel is attempting to "trap" Mr. Truitt in the case, and prevent him from exercising his desire to not participate in this litigation, even though they moved to withdraw as his counsel over a year ago.

Plaintiffs respond that defendant's contact with Mr. Truitt violates Missouri's "anti-contact" rule, Rule 4-4.2 of the Missouri Supreme Court Rules of Professional Conduct, as defendant knew or should have known that Truitt was a member of the class and therefore represented by class counsel unless he opted-out of the class. Class counsel argues that Mr. Truitt is likely unaware that he does not have to actively participate in the Rule 23 litigation, and defendant likely did not explain the difference to Mr. Truitt.

4

Plaintiffs suggest that defendant's "unauthorized" contact with Mr. Truitt violates disciplinary rules, noting that (1) defendant had nearly a full year between the date in which the Court granted the motion to withdraw and the Court certified the class to contact Mr. Truitt, but did not do so; and (2) if defendant had concerns about Mr. Truitt's representation following class certification, those concerns should have been raised with the Court prior to defendant engaging in <u>ex parte</u> communication. Class counsel argues that the Court should (1) invalidate any exclusion from the class/dismissal improperly obtained by the defendant; and (2) admonish defendant and its counsel "to ensure that Farmland and defense counsel refrain from communicating with any member of the certified Missouri state law class concerning the instant litigation absent prior authorization from Class Counsel or the Court." Doc. No. 172, p. 15.

In reply, defendant indicates it did not violate ethical rules, as the Court had already ruled that Mr. Truitt would be proceeding pro se, and plaintiff's counsel never objected to that order or sought any clarification. Defendant further states it did not "solicit" the dismissal, but that Mr. Truitt voluntarily contacted defense counsel and stated that he no longer wished to pursue his claims against Farmland. Defendant also argues that plaintiffs cite no authority for the novel propositions that (1) a named plaintiff who is now acting pro se cannot voluntarily dismiss his claims; (2) his former counsel now owns his claims; and (3) his former counsel can force him to stay in the case despite his wishes. Doc. No. 174, p. 9. Defendant states this takes form over substance to an absurd level.

Upon consideration of the parties' arguments, the finds that defendant's motion (Doc. No. 168) should be **GRANTED.** In particular, the Court finds that counsel's motion to

withdraw, filed in February 2011, was not qualified in any way; in other words, counsel requested to withdraw for all purposes and in all capacities. Along those same lines, the Court's order granting the motion to withdraw ordered Mr. Truitt to proceed pro se. The Court finds that Mr. Truitt was ordered to proceed pro se in March 2011 for all purposes; the Court did not carve out a limited exception as to participation as a member in a certified class at some later point in time. The Court's order granting class certification did not change Mr. Truitt's pro se status, and in fact, class counsel made no mention of Mr. Truitt in their motion for class certification or their reply suggestions in support of class certification. The Court agrees with defendant that, under these unique circumstances, defendant was entitled to communicate with the pro se plaintiff, and the pro se plaintiff could consent to stipulation of dismissal of his claims.

### III. Conclusion

Therefore, for the foregoing reasons:

(1) Defendant's motion (Doc. No. 168) is **GRANTED**; and

(2) The stipulation of dismissal submitted as an exhibit to defendant's suggestions in support of its motion (Doc. No. 169, Ex. A), shall be treated as properly filed, and all of Mr. Truitt's claims in this action are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: <u>November 7, 2012</u>  /s/ *Fernando J. Gaitan, Jr.*
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge

6