# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| Jacob Ingersoll, et al., on behalf of themselves and others similarly situated,<br>    Plaintiffs, | )<br>)<br>) |
| v. | ) No. 10-6046-CV-SJ-FJG |
| Farmland Foods, Inc.<br>    Defendant. | )<br>)<br>) |

## ORDER

Pending before the Court is Plaintiffs' Motion for an Evidence Preservation Order (Doc. No. 206), in which plaintiffs seek to have defendant "enjoined . . . from implementing or completing any changes to the current operational or compensation policies and practices at its hog slaughter and processing plant located in Milan, Missouri . . . without first providing Class Counsel thirty (30) days advanced notice of said changes." Doc. No. 206, pp. 1-2. Plaintiffs further seek an order "requiring Farmland to allow Class Counsel access to the Milan plant within the third (30)-day notice window referenced above to observe, photograph, video and otherwise document class members' off-the-clock work activities as these activities normally occur during a given workday. . . ." Id. at p. 2. Also before the Court is Plaintiffs' letter dated February 4, 2013, requesting a discovery dispute teleconference, wherein plaintiffs request the Court to order defendant to provide immediate access to the Milan plant to video and photograph class members. The Court is able to resolve this issue on the parties' letters, and will not hold a teleconference.

### I.  Background

Plaintiffs filed their complaint on April 29, 2010, and their amended complaint on May 6, 2010. Plaintiffs are a group of current production and support workers employed by Defendant Farmland Foods, Inc. ("Farmland") at its pork processing plant located in Milan, Missouri. Plaintiffs allege that defendant has a policy of not fully compensating employees for all the time spent working at defendant's plant, specifically by not fully compensating plaintiffs for time spent donning and doffing personal protective equipment ("PPE"). Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA") as well as the Missouri Minimum Wage Law ("MMWL"). On February 9, 2012, plaintiffs' motion for class certification as to the Rule

23 class action for Missouri Minimum Wage Law ("MMWL") claims was granted.

Plaintiffs' counsel indicates that, based on conversations with class members, plaintiffs' counsel "became concerned that Farmland was once again rapidly changing operational and/or compensation policies and procedures at the Milan plant relating to class members off-the-clock work activities." Doc. No. 207, p. 7. On December 6, 2012, class counsel requested defendant supplement discovery. At a December 10, 2012, meet-and-confer, class counsel advised they intended to obtain video of areas in the Milan plant where class members engage in off-the-clock activities. Plaintiffs served a Request for Entry Upon Land for Inspections and Other Purposes on Farmland on December 14, 2012. Doc. No. 207, Ex. S. Notably, the Request for Entry states, "Plaintiffs will be conducting multiple inspections and data collection activities at this location throughout the course of this litigation. This Notice does not set forth the only dates and time periods for which Plaintiffs may seek access to the Milan plant." Id.

In a joint status report filed with the Court on December 13, 2012, plaintiffs argue defendant "for the first time confirmed that additional changes to employee practices concerning donning, doffing and related activities were in fact being evaluated and implemented by Farmland." See Status Report, Doc. No. 197, pp. 6-7. Farmland supplemented its discovery on these issues on December 21, 2012. Doc. No. 207, Ex. T. Plaintiffs' counsel indicates these changes go back as far as September 2012:

> Farmland states that the Milan Facility adopted a new policy effective September 19, 2012 allowing employees to wear or take hard hats, footwear, ear plugs, hairnets, safety glasses, and steels home after shifts instead of keeping such items in lockers. The use of lockers by employees is optional and solely for their convenience. . . .
>
> Farmland also states that the Milan facility is in the process of implementing a new policy under which employees will not be required to wear uniforms. Instead, they will wear their own street clothes under frocks provided by Farmland. . . . This policy is being implemented in phases by department. The policy was implemented on November 28, 2012 for production employees working in the Export Hallway . . . and on December 3, 2012 for production employees working on . . . the Cut Floor. Effective November 30, 2012, Box Shop employees are not

2

> required to wear beard nets. . . .

Doc. No. 207, Ex. U, at 2.

## II.   Standard

The Eighth Circuit has not spoken definitively on the standard used to evaluate motions for preservation orders.  However, the standards used by other federal courts appear to have been taken in large part from the standards for obtaining injunctive relief.  Under Eighth Circuit law, the standards for obtaining a temporary restraining order or preliminary injunction are a showing of:  (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest.  Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981).  However, certain courts relax the standard so that plaintiffs do not have to demonstrate likelihood of success on the merits of the litigation, as such consideration is not appropriate for evidence preservation.  See Treppel v. Biovail Corp., 233 F.R.D. 363, 370-71 (S.D. N.Y. 2006); Capricorn Powers Co., Inc. v. Siemens Westinghouse Power Corp., 220 F.R.D. 429, 433-34 (W.D. Penn. 2004); Pueblo of Laguna v. U.S., 60 Fed. Cl. 133, 138, n.8 (Fed. Cl. 2004).  Plaintiffs suggest the majority of federal courts examine and balance these three factors in considering a motion to preserve evidence:  (1) the level of concern for the maintenance and integrity of the evidence in the absence of a preservation order; (2) any irreparable harm likely to result to the party seeking such order; and (3) the capability of the party to maintain the evidence sought to be preserved.  Haraburda v. Arcelor Mittal USA, Inc., No. 11-93, 2011 WL 2600756, at *2 (N.D. Ind. June 28, 2011); Washington v. City of Detroit, No. 05-72433, 2007 WL 788909, at *1 (E.D. Mich. Mar. 14, 2007); Treppel, 233 F.R.D. at 370-71; Capricorn, 220 F.R.D. 433-34; U.S. ex rel. Smith v. The Boeing Co., No. 05-1073, 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2005); In re African-Am. Slave Descendants' Litig., No. 1491, 2003 WL 24085346, at *2 (N.D. Ill. July 15, 2003).

## III.   Discussion

On December 28, 2012, Plaintiffs filed the pending motion for evidence preservation order.  Plaintiffs seek an order:

3

> . . . enjoining Defendant Farmland Foods, Inc. ("Farmland"), and all persons acting on its behalf, from implementing or completing any changes to the current operational or compensation policies and practices at its hog slaughter and processing plant located in Milan, Missouri, relating to employee donning, doffing, walking, waiting, plant floor shift preparations and other off-the-clock work activities (hereinafter referred to as "off-the-clock work activities"), performed before and after class members' work-shifts and unpaid meal periods, including but not limited to changes to "gang time," plug or "PPE" time, swipe policies, rounding policies, pre-shift or post-shift policies, pre-break or post-break policies, or break times, without first providing Class Counsel thirty (30) days advanced notice of said changes [and] . . . .
>
> requiring Farmland to allow Class Counsel access to the Milan plant within the thirty (30)-day notice window referenced above to observe, photograph, video and otherwise document class members' off-the-clock work activities as these activities normally occur during a given workday. Plaintiffs request that Class Counsel be allowed access to all areas of the Milan plant and plant grounds to which members of the certified class have access during their workday and perform off-the-clock work activities, including but not limited to areas wherein time clocks, personal protective equipment, locker rooms, break rooms, supply rooms, work stations, and sanitation and clean up areas are located.

Doc. No. 206, pp. 1-2. Plaintiffs request that this evidence preservation order last until the Court has entered a final judgment in this action. Doc. No. 206, p. 3.

Plaintiffs indicate that an evidence preservation order is needed because defendant's "plant obviously contains visual evidence concerning the company's current operational and compensation policies and practices . . . [and] [s]uch evidence must be secured, videoed and otherwise documented before it is altered or destroyed through changes to policies and practices implemented by Farmland after the commencement of this lawsuit." Doc. No. 206, pp. 2-3. Plaintiffs suggest a preservation order is needed to "prevent the irreparable injury that will continue to occur from Farmland's serial changes mid-litigation to its operational and compensation policies . . . and to allow the Court to render effective relief if Plaintiffs prevail at trial." Id. at p. 3.

4

In particular, plaintiffs state they have identified significant past, present, and future threats to the availability of video evidence concerning class members' off the clock activities. Plaintiffs argue that defendant "has repeatedly demonstrated its propensity for making significant changes to some of the very policies and procedures being challenged in this case without providing Class Counsel any advance notice or warning so that Class Counsel may access the plant to video and otherwise document current conditions before implementation of the changes by Farmland." Doc. No. 207, p. 11. Plaintiffs argue that if defendant has its way, class counsel will only learn of the specifics of changes to policies and practices after-the-fact, and will not have an opportunity to preserve and video the plant's prior practices and conditions.

Plaintiffs assert there will be irreparable harm if they are not granted the requested relief, as Farmland possesses evidence that is critical to establishing plaintiff's claims, and "it becomes a judicial duty to protect a party from likely harm by acting to prevent the loss or destruction of evidence, thereby ensuring that the party may prosecute or defend its case in a court of law." Capricorn, 220 F.R.D. at 435. Plaintiffs assert that defendant's most recent policy changes "conveniently" came "one week **after** Plaintiffs' [sic] filed a motion for partial summary judgment on the compensability of the retrieval, inspection, delinting and disposal of the Farmland-issued uniforms." Doc. No. 107, pp. 12-13 (emphasis in original). Plaintiffs argue that this timing suggests the changes were made in order to compromise plaintiffs' case. Plaintiffs state that without being given a chance to document these activities, plaintiffs will be unable to present the best evidence of their off-the-clock work during various stages over the course of the relevant class period. Plaintiffs further assert that there would be "absolutely no hardship" to Farmland if this order was entered to the extent that Farmland made no further changes to its policies, and there would only be a slight hardship if Farmland continues to make additional changes.

Defendant responds, characterizing plaintiffs' motion as not one for evidence preservation, but as a motion for a "mandatory injunction compelling Farmland to continue the very employment policies and practices Plaintiffs claim are unlawful." Doc. No. 216, p. 1. Defendant further notes that none of the legal authority cited by plaintiffs supports granting such a request. Defendant notes plaintiffs have had over two and a half years to obtain this

5

evidence, and if they do not have the video they want, that is due to their own lack of diligence.[1]

Defendant indicates that evidence preservation standards do not apply to plaintiffs' motion, as the motion does not seek to preserve evidence (existing, tangible things, such as records or objects), and all the cases cited by plaintiffs involve requests for preservation of relevant tangible items. Further, none of the cases stand for the proposition that defendant has a duty to provide advance notice of management decisions. Defendant also argues that plaintiffs have not shown that the preservation order is necessary and not unduly burdensome (see Pueblo, 60 Fed. Cl. at 138), as (a) there is no showing that defendant has destroyed evidence; (b) to the extent that plaintiffs call the changes "unannounced," plaintiffs' counsel learned of the changes through their clients, with whom they are obligated to communicate; (c) defense counsel is unaware of any case where a court allowed multiple, open-ended video inspections like plaintiffs request, and plaintiffs are trying to circumvent Fed. R. Civ. P. 34 by making this request; and (d) plaintiffs have had ample opportunity over several years to obtain the video they needed. Additionally, defendant asserts that plaintiffs have not demonstrated a threat of irreparable harm, as their contention of irreparable harm is "completely undermined by their lack of diligence in seeking to videotape employee activities since this lawsuit was filed – over two and a half years ago." Doc. No. 216, p. 12 (emphasis in original). Finally, defendant argues that the requested procedure is overbroad and places undue burdens on Farmland, as giving 30-day notice and allowing plaintiffs to videotape every time a change is made would be unnecessarily disruptive to defendant's operations and its employees' work.

After considering the parties' respective arguments, the Court finds that plaintiffs' motion for evidence preservation order (Doc. No. 206) should be **DENIED**. In particular, the Court finds that (1) what plaintiffs are seeking to preserve by virtue of this motion is not "evidence," but the status quo at the plant—and the defendant is under no obligation to

---

[1] Defendant notes that at the scheduling hearing with the Court on May 4, 2012, plaintiffs' counsel asserted they would be videotaping defendant's processes "very soon" so they would have a record if the processes changed. Doc. No. 216, Ex. B. However, plaintiffs did not pursue video evidence for another 7 months.

6

create video evidence for plaintiffs, who should have sought to do so themselves; (2) plaintiffs' assertions of irreparable harm are undermined by their failure to attempt to obtain video evidence for a time-motion study at any previous time in the over two-and-one-half years this lawsuit has been pending, even though they have already had one prior Rule 34 entry on land (see Doc. No. 91)[2]; and (3) the procedure requested by plaintiffs is overbroad and places undue burdens on defendant's control of its business operations, and plaintiffs have not shown that such an order is necessary under the circumstances.

It should have come as no surprise to plaintiffs' counsel that defendant may from time to time make changes in its business operations that could affect the claims of the class. In light of this obvious observation and given class counsel's representations as to the importance of preserving this evidence for trial and for the use of their time-motion study expert, class counsel should have considered requesting another Rule 34 entry upon land a long while ago (at least shortly after class certification was granted on February 9, 2012 (Doc. No. 140), if not sooner). If defendant objected to such discovery, the Court could have held a discovery dispute teleconference at that time. It appears, instead, that plaintiffs were under the mistaken belief that defendant would not make policy changes affecting their claims, and therefore did not timely seek to obtain discovery they believe they need to prove their case. Only now, after policy changes already have been made and after over two-and-one-half years of litigation, does class counsel seek to not only enter land to make video evidence, but also to impose a thirty-day notice period on every policy change that could affect the class members' claims and a renewable right to enter land. The Court cannot enter such an injunctive order under the circumstances presented by plaintiffs here.

Further, with respect to plaintiffs' discovery dispute letter, requesting immediate access to the Milan plant, plaintiffs' request for immediate access will be **DENIED.** The Court finds that defendant's objections to plaintiffs' Rule 34 request have merit. These objections,

---

[2] See also Doc. No. 132, Exhibit J, PowerPoint containing digital video and photographs taken by plaintiffs' counsel on their May 23, 2011 inspection. Plaintiffs' counsel indicate in their suggestions in support of the motion for preservation order that upon their May 23, 2011 inspection, they "observed that wireless video cameras could be mounted in various areas of the plant to capture employees' off-the-clock work activities." Doc. No. 207, p. 7, n. 4.

7

in particular, are (1) that the request was not properly limited in time and place, (2) that placing wireless video cameras for 24-hour taping is unnecessary as most of the captured evidence would not be of donning and doffing and related activities, (3) that the Rule 34 request stated that plaintiffs' counsel would enter the facility for unspecified "periodic time periods" throughout a two-week window; and (4) that plaintiffs would conduct "multiple inspections and data collection activities . . . throughout the course of this litigation." The Court finds, therefore, that plaintiffs have not demonstrated entitlement to the relief sought in their discovery dispute letter. Furthermore, given plaintiffs' dilatory efforts in seeking to request a Rule 34 entry upon land, the Court will deny any further attempts at entry upon land absent plaintiffs making a sufficient showing of need for the evidence sought.

## IV. Conclusion

Accordingly, for the foregoing reasons, (1) plaintiffs' motion for a preservation order (Doc. No. 206) is **DENIED**; and (2) the relief requested through plaintiffs' discovery dispute letter dated February 4, 2013, is **DENIED.**

**IT IS SO ORDERED.**

Date: <u>February 6, 2013</u>    */s/ Fernando J. Gaitan, Jr.*
Kansas City, Missouri    Fernando J. Gaitan, Jr.
    Chief United States District Judge

8

Case 5:10-cv-06046-FJG   Document 228   Filed 02/06/13   Page 8 of 8